**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **SHAWN FOREST** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **ALLSTATE VEHICLE AND** | * | |
| **PROPERTY INSURANCE COMPANY** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiff filed this lawsuit in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, against Allstate on August 23, 2022. The case was captioned "*Shawn Forest vs. Allstate Vehicle and Property Insurance Company*", Docket 274,521, Division E. (*See* Petition for Damages, Citation and Proof of Service upon Allstate through the La. Secretary of State on September 1, 2022, forwarding of the Petition by the Secretary of State to Allstate on September 2, 2022, and receipt of the Petition by CT Corporation on September 6, 2022, attached hereto *in globo* and marked for identification as Exhibit A.)

The plaintiff's Petition did not plead a specific amount of damages sought and it was not facially apparent from the Petition that the case could be removed. Allstate answered the lawsuit on October 28, 2022. (*See* Answer, Affirmative Defenses and Request for Trial by Jury, attached hereto as Exhibit B) Allstate sent Requests for Admissions to plaintiff, through their counsel. On November 28, 2022, plaintiff responded to the Requests for Admissions and admitted that the total value of damages for all claims alleged in the Petition exceeded $75,000 and plaintiff denied that he would sign an Irrevocable and Binding Stipulation renouncing his right to accept a judgment exceeding $75,000. (*See* Requests for Admissions and Responses to Requests for Admissions and Amended Responses to Requests for Admissions with email correspondence, attached hereto in globo as Exhibit D)

This case is being removed within thirty (30) days of November 28, 2022, the receipt of the first notice of the case becoming removable as plaintiff admitted the total value of damages for all claims exceeded $75,000. (*Id.*)

2.

Plaintiff's lawsuit arises out of damage to his home located at 1888 Highway 1241, Dry Prong, Louisiana which was damaged by Hurricanes Laura and Delta. (Exhibit A at Petition at ¶s 5-11). Plaintiff had a policy of homeowners insurance with Allstate at the time of the storms. (*Id.* at 6). Plaintiff alleges that she notified Allstate of the loss and provided satisfactory proof of loss to Allstate. (*Id.* at ¶s 12 and 18). Plaintiff alleges that Allstate made insufficient payments, acted arbitrarily, capriciously, and without probable cause in handling the claim. (*Id.* at ¶13-28). Plaintiff further alleges that Allstate breached its contractual obligation, acted in bad faith, and violated LSA-R.S. §22:1892 and §22:1973. (*Id.* at ¶29-44)

3.

Allstate removes this action from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

231/158.0100

6.

Allstate inspected plaintiff's property and paid $5,133.55. (*See* Allstate Payments Worksheet attached hereto as <u>Exhibit </u>C) Plaintiff claims he is entitled to building and other structure damages, mitigation costs, diminution in value, personal property damages, additional living expenses, and other applicable coverages afforded under the Allstate policy. (*See* <u>Exhibit A</u>, at Petition, ¶42) Plaintiff's policy provides $148,901 dwelling coverage, $44,671 other structures, $89,341 personal property, and up to 24 months ALE coverages not to exceed $29,781. (*See* Certified Allstate policy, at dec page, attached hereto as <u>Exhibit E</u>)

7.

In pertinent part, Plaintiff asserts in her petition that Allstate is liable for the payment of statutory bad faith penalties and attorney's fees pursuant to LSA-R.S. §22:1892 and 1973 and alleges:

> 32.
> Upon information and belief, Defendant has breached the insurance contract by, among other things:
> (i) Purposely and/or negligently failing to timely tender undisputed insurance proceeds;
> (ii) Purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the relevant Policy;
> (iii) Conducting the investigation and claims handling in bad faith;
> (iv) failing to adequately compensate Petitioner for the damages to the Insured Property, as required by the Policy;
>
> \*\*\*
>
> 40.
> As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by Hurricane Laura and Hurricane Delta and its ongoing breaches of its affirmative duties of good faith and fair dealing, Petitioner is entitled to all additional damages and

231/158.0100

       penalties recoverable under both LSA-R.S. 22:1892 and §22:1973 in an amount to be determined at trial.

(*See* Exhibit A at Petition at ¶32, 40)

8.

Based upon the above cited allegations, if Plaintiff was able to prove that Allstate failed to timely make payments to her as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. R.S. 22:1892 B. (1).

9.

Plaintiff alleges that she is entitled to recover entitled to all amounts owed under the policy that remain unpaid.  (*See* Exhibit A at Petition at ¶ 42).  Plaintiff contends that she entitled to recover over $75,000.  (Exhibit D)  While Allstate disputes plaintiff's allegations, if plaintiff can establish that she is entitled to recover additional sums under the policy and a fifty-percent penalty under La. R.S. 22:1892, then amount in controversy exceeds $75,000. Further, a bad faith award would also include attorney's fees which are permitted by law and are included in determining the amount in controversy for satisfaction of federal jurisdiction.

10.

Plaintiff refused to offer a binding stipulation or renunciation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00.  *See Davis v. State Farm*

*Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut. Auto Ins. Co.*, No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

11.

Plaintiff's Petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required."  Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co.*, 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted)

12.

While Allstate admits no liability nor any element of damages, Allstate has met its burden of showing that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Indeed, plaintiff alleges that Allstate failed to timely pay and settle her claim.  Plaintiff claims that Allstate has refused to pay sufficient amounts due on the claim despite submitting satisfactory proof of loss. And still, Plaintiff makes a claim for all amounts owned under that policy that remain and that she is entitled to mental anguish and other consequential damages.  Additionally, plaintiff is making a claim for attorney's fees in addition to bad faith penalties, and the plaintiff denies that her damages are below $75,000. Therefore, Allstate has met its burden of proving the amount in controversy exceeds $75,000, exclusive of interests and costs.

**B. COMPLETE DIVERSITY EXISTS**

13.

Plaintiff, Shawn Forest, resides in Rapides Parish, is domiciled in Rapides Parish, and is a citizen of the State of Louisiana.

14.

Allstate Vehicle and Property Insurance Company is a foreign corporation organized under the laws of and incorporated in the State of Illinois, has its principal place of business in the State of Illinois, and is therefore, a citizen of the State of Illinois.  28 U.S.C. § 1332(c)(1).

15.

Accordingly, there is complete diversity of citizenship between plaintiff and defendant.

16.

This is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III. ALLSTATE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

17.

Allstate was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on September 1, 2022. (*See* Exhibit A). The Secretary of State forwarded the Petition to CT Corporation on September 2, 2022, which was received by CT Corporation on September 6, 2022. (*See* Exhibit A)

The plaintiff's Petition did not plead a specific amount of damages sought and it was not facially apparent from the Petition that the case could be removed. Allstate answered the lawsuit on October 28, 2022. (*See* Answer to Petition, attached hereto as Exhibit B) Allstate sent Requests for Admissions to plaintiff, through their counsel. On November 28, 2022, plaintiff responded to the Requests for Admissions and admitted that the total value of damages for all claims alleged in the Petition exceeded $75,000 and plaintiff denied that he would sign an Irrevocable and Binding Stipulation renouncing his right to accept a judgment exceeding $75,000. (*See* Requests for Admissions and Responses to Requests for Admissions and Amended Responses to Requests for Admissions with email correspondence, attached hereto in globo as Exhibit D)

This case is being removed within thirty (30) days of November 28, 2022, the receipt of the first notice of the case becoming removable as plaintiff admitted the total value of damages for all claims exceeded $75,000.  (*Id.*)

18.

This Notice of Removal is filed within thirty (30) days after receipt of papers providing notice that this case is removable.

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

20.

The 9th Judicial District Court for the Parish of Rapides, State of Louisiana, is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by Allstate for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by Allstate to date are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, Shawn Forest,

Rajan Pandit, Natalie Kobetz and Christen DeNicholas and the Pandit Law Firm, LLC, and Matthew Mize, Tristan Gruspier and W. Brett Cain and Robichaux, Mize, Wadsack, Richardson and Watson, LLC and the Clerk of Court for the 9th Judicial District Court for the Parish of Rapides, State of Louisiana. No other process, pleadings, or orders have been served upon Allstate.

## IV.  CONCLUSION

22.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, Allstate, has complied with, this cause of action is removable to the United States District Court for the Western District of Louisiana.

23.

Allstate reserves the right to supplement or amend this Notice of Removal.

24.

Allstate reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to Allstate.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

*SIGNATURE LINE ON NEXT PAGE*

        Respectfully submitted,

        */s/ Michele Trowbridge Barreca*
        **MICHELE TROWBRIDGE BARRECA (30974)**
        **MATTHEW E. SIMMONS (#36674)**
        Porteous, Hainkel & Johnson, L.L.P.
        704 Carondelet Street
        New Orleans, LA 70130
        Telephone: (504) 581-3838
        mtrowbridge@phjlaw.com
        msimmons@phjlaw.com
        *Attorneys for Allstate Vehicle and Property Insurance Company*

## **CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 22nd day of December, 2022 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiff Shawn Forest –** *via E-mail*
**Matthew M. Mize**
**Tristan G. Gruspier**
**W. Brett Cain**
**Robichaux, Mize, Wadsack, Richardson & Watson, LLC**
**1777 Ryan Street (70601)**
**P.O. Box 2065**
**Lake Charles, LA 70602**
**Phone : (337) 433-0234**
**Email : mmm@rmwlegal.com**
       **tgg@rmwlegal.com**
       **wbc@rmwlegal.com**

**AND**

**Rajan Pandit**
**Natalie Kobetz**
**Christen Denicholas**
**Pandit Law Firm, LLC**
**701 Poydras Street, Suite 3950**
**New Orleans, LA 70139**

231/158.0100

**Phone: (504) 313-3800**
**Email: rpandit@panditlaw.com**
      **ngibbs@panditlaw.com**
      **cdenicholas@panditlaw.com**

**AND**

**Clerk of Court -** *via facsimile (318) 487-9361 & U.S. Mail*
**Clerk , 9th JDC, Rapides Parish**
**701 Murray Street, Suite 102**
**Alexandria, LA  71301**

                    */s/ Michele Trowbridge Barreca*

231/158.0100